IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IDA JENNINGS-JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-cv-574-MHT-JTA |
| | ) | |
| SYLACAUGA HEALTH CARE | ) | |
| AUTHORITY, d/b/a COOSA VALLEY | ) | |
| MEDICAL CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court are *pro se* Plaintiff Ida Jennings-Jones's Complaint (Doc. No. 1) and Motion to Proceed *in Forma Pauperis* (Doc. No. 2). This action was referred to the undersigned for consideration and disposition or recommendation on all pretrial matters as may be appropriate pursuant to 28 U.S.C. § 636.  (Doc. No. 4.)

For the reasons stated below, the undersigned finds that the Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. No. 2) is due to be GRANTED,[1] Plaintiff shall be directed to file a notice of her current mailing address, and this case should be transferred to the Northern District of Alabama, Eastern Division.

28 U.S.C. § 1391(b) provides:

---

[1] Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. No. 2) includes an affidavit and other evidence demonstrating that she lacks the necessary assets and funds to commence this action without prepayment of fees or security. *See* 28 U.S.C. § 1915(a)(1) (providing that a court may authorize a litigant to proceed without prepayment of fees or security if the person "submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor").

Venue in general. A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

According to the service material Plaintiff provided, Defendants all have Sylacauga, Alabama addresses, which indicates residence in Sylacauga. (Doc. No. 1-2.) The Complaint states that the events giving rise to this employment discrimination action occurred at Coosa Valley Medical Center, a medical facility in Sylacauga where Plaintiff was formerly employed. (Doc. No. 1 at 2.) Sylacauga is in Talladega County, Alabama, which is in the Northern District of Alabama, Eastern Division. Thus, pursuant to § 1391(b), venue appears proper in the Northern District of Alabama, Eastern Division, but not anywhere in the Middle District of Alabama.

28 U.S.C. Section 1406(a) provides that "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The undersigned finds that transfer is warranted here.

On October 6, 2023, Plaintiff was ordered to show cause on or before October 23, 2023, why, pursuant to 28 U.S.C. Section 1406(a) or 28 U.S.C. Section 1404(a), this case should not be transferred to the Northern District of Alabama, Eastern Division, or, alternatively, dismissed without prejudice on grounds of improper venue. (Doc. No. 6.) That Order was sent by certified and regular mail; both mailings were returned to the Court as undeliverable, with United States Postal Service notations indicating Plaintiff no longer resides at the address she provided to the Court. (*See* Docket Sheet.) Plaintiff did not respond to the order to show cause.

Because Plaintiff no longer resides at the address she provided the Court when she filed her Complaint, she likely would be unaware of the need to communicate with the United States District Court for the Northern District of Alabama in the event of a transfer. However, dismissal without prejudice would possibly operate as a dismissal with prejudice under the circumstances. The EEOC issued Plaintiff a right to sue letter on July 27, 2023. (Doc. No. 1-1.) Thus, dismissal for improper venue would likely prevent her from refiling the action in the proper venue within ninety days after her receipt of that letter, as would be required for her to pursue her employment discrimination, harassment, and retaliation claims.[2] *See Henriquez v. Georgia Dep't of Revenue*, No. 21-12567, 2023 WL 4624473, at *4 (11th Cir. July 19, 2023) ("To file a timely Title VII claim, the plaintiff must file suit within 90 days of receiving the EEOC's notice." (citing 42 U.S.C.A. § 2000e-5(f)(1)). On

---

[2] Plaintiff alleges Defendants discriminated against her in her employment on the basis of race, sex, and age, and that Defendants harassed and retaliated against her for opposing race discrimination and unfair billing practices.

the whole, the undersigned concludes that, in the interest of justice, transfer is preferable to dismissal, despite the likelihood that Plaintiff may fail to check the status of her case and learn of the transfer. *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n.7 (1965) ("Numerous cases hold that when dismissal of an action for improper venue would terminate rights without a hearing on the merits because [the] plaintiff's action would be barred by a statute of limitations, the interest of justice requires that the cause be transferred." (internal quotation marks omitted)).

Accordingly, it is ORDERED as follows:

1. Plaintiff's Motion to Proceed *in Forma Pauperis* (Doc. No. 2) is GRANTED.
2. **On or before November 8, 2023,** Plaintiff shall file written notice of her current, correct mailing address.

Further, it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that, pursuant to 28 U.S.C. Section 1406(a) or alternatively 28 U.S.C. Section 1404(a), this case be transferred to the Northern District of Alabama, Eastern Division.

Finally, it is ORDERED that the parties shall file any objections to this Recommendation **on or before November 9, 2023**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered

in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of October, 2023.

/s/ Jerusha J. Adams
_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE