UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **IDA JENNINGS-JONES,**<br>　　Plaintiff,<br><br>v.<br><br>**SYLACAUGA HEALTH CARE AUTHORITY,** *doing business as Coosa Valley Medical Center*, ***et al.***,<br>　　Defendants. | **Case No. 1:23-cv-1755-CLM** |

## MEMORANDUM OPINION

*Pro se* Plaintiff Ida Jennings-Jones ("Jones") sues Sylacauga Health Care Authority d/b/a Coosa Valley Medical Center ("CVMC") and 10 of its employees (collectively, "Individual Defendants") under Title VII of the Civil Rights Act of 1964. Jones alleges that the defendants collectively discriminated against, retaliated against, and unlawfully terminated her on the basis of her race and her sex, and in retaliation for voicing a hostile work environment claim. (Doc. 1). CVMC and Individual Defendants both move to dismiss claims against them, respectively. (Docs. 15, 26). While they raise several issues with Jones' Title VII complaint, one problem resolves both motions: None of the named Defendants was Jones' employer, so they cannot be the subject (*i.e.* the defendant) in Jones' Title VII claims.

For this reason, the court will **GRANT** both parties' motions to dismiss *without* prejudice, meaning the court will give Jones one chance to amend her complaint to comply with the rules. If Jones decides to amend her complaint, she must file it by **August 9, 2024**. The failure to do so will result in the dismissal of all claims with prejudice.

## BACKGROUND

**A. Factual History**

The court takes these facts from Jones' complaint and assumes all alleged facts are true. FED. R. CIV. P. 12(b)(6); *see, e.g.*, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (at the motion-to-dismiss stage, "the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true").

The Coosa Valley Medical Center is a health care facility (hospital). Jones worked at the CVMC as a "service coordinator" for New Vision. Jones says that she was fired from her New Vision job on February 20, 2023 because, she was told, "Coosa Valley Medical Center (Staff) no longer wanted [her] there." (Doc. 1 at 2).

Jones alleges that three incidents led to her termination.

First, on January 26, 2023, Jones "sent an email regarding The New Vision Service Medical Director, Dr. [Amar] Aldaher, mistreating, verbally abusing, and terrorizing the patient. The email was, in turn, reported to the [Chief Operating Officer] of Coosa Valley Medical Center, Amy [Shipley] Price, and a meeting was held with the corporate team regarding the alleged incident." (Doc. 1 at 6).

Next, on February 7, 2023, Jones received a call from a patient who questioned her charges, as they differed from what Jones told her. Jones looked into the matter and determined that Dr. Aldaher was charging for his services, even though he was already being paid by CVMC. So she questioned what she believed to be additional billing and was told by Debra Ivey that "it's not my business and it's not the hospital's business what Dr. Aldaher does." (Doc. 1 at 6).

Then, during the week of February 13, 2023, a disagreement about insurance verification arose between the family of a potential patient (who was Black) and a New Vision patient access employee (who was white).

Jones alleges that she got blamed for the argument because she transferred the call. (Doc. 1 at 2).

### B. Jones' Lawsuit

Jones sued CVMC and the 10 Individual Defendants under Title VII. (Doc. 1). Jones' complaint is a hand-written "EEOC Complaint" form, so it does not contain the traditional count structure in most complaints. In it, Jones says that her complaint stems from her firing, plus "cultural biases; hatred; race, age, disability and sex discrimination; whistle blower retaliation; breach of contract; creating a hostile work environment; conspiracy; abuse; threats of intimidation; and harassment." (Doc. 1 at 1). She claims that these acts stem from discrimination based on race, sex, and the same list quoted in the previous sentence. (Doc. 1 at 2). Jones seeks recovery of back pay and reinstatement to her former job, and any other relief as may be appropriate, including injunctive orders, damages, costs, and attorneys' fees. (Doc. 1 at 3).

### C. The Responses

1. <u>CVMC</u> filed a motion to dismiss, (doc. 15), claiming that Jones never worked for CVMC, so CVMC cannot be her employer for Title VII purposes.[1] CVMC says that Jones worked for a distinct company called SpecialCare Hospital Management, which does business inside CVMC as New Vision. Jones' response confirms that she was "an Intake Coordinator for the New Vision withdrawal management service." (Doc. 20 at 3). She claims, however, that CVMC paid her salary and controlled her "performance duties" and "disciplinary actions," (doc. 20 at 3), thus making CVMC her "co-employer."

2. <u>The Individual Defendants</u> filed their own motion to dismiss, also arguing that they did not employ Jones and could thus not be sued as her employer under Title VII. (Doc. 26).

---

[1] CVMC alternatively seeks summary judgment under Rule 56. The court **denies** that motion as premature.

## STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). FED. R. CIV. P. 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

FED. R. CIV. P. 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. A complaint states a facially plausible claim for relief when the plaintiff pleads facts that permit a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

Federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics omitted). A document filed *pro se* is "to be liberally construed," and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted). However, the leniency shown to *pro se* plaintiffs "does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc.*, 132 F.3d at 1369. A *pro se* complaint must still be dismissed if it fails to state a claim on which relief may be granted. *See, e.g., Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *Albrata v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

## DISCUSSION

Title VII protects employees from employers' discriminatory acts:

> **(a) Employer practices**
>
> It shall be an unlawful employment practice ==for an employer==—
>
> **(1)** to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or
>
> **(2)** to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e–2(a) (highlight added). As the highlighted text shows, Title VII is limited to acts of "an employer." And the definition section ties employees to their employers:

> **(f)** The term "employee" means an individual ==employed by an employer==, except that the term "employee" shall not include any person elected to public office in any State or political subdivision of any State by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office. The exemption set forth in the preceding sentence shall not include employees subject to the civil service laws of a State government, governmental agency or political subdivision.

> With respect to employment in a foreign country, such term includes an individual who is a citizen of the United States.

42 U.S.C. § 2000e(f) (highlight added). That means Title VII (42 U.S.C. § 2000e-2(a)) does not allow Jones to sue anyone for her firing or retaliation except her "employer" or former "employer." *See Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997) (Title VII prohibits retaliation against former employees).

Jones does not plead that any of the 10 Individual Defendants were her employer. And the Eleventh Circuit has held that "relief under Title VII is available against only the employer and not against individual employees whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006).

Nor does Jones plead (at least not plainly) that CVMC was her employer. In her complaint, Jones says that she was "the New Vision service coordinator," and that "CVMC staff no longer wanted [her] there." (Doc. 1 at 2). Jones' factual narrative suggests that she worked for New Vision and that her firing resulted from, in part, the CVMC Chief Operating Officer and corporate team's reaction to a report that Jones made about New Vision's medical director mistreating a New Vision patient. (*id.* at 6). And CVMC's motion to dismiss and exhibits, plus Jones' response and exhibits, confirm that Jones worked for New Vision, a distinct entity that operated inside CVMC. *See* (Docs. 15, 20).

Because Jones fails to plead facts that would prove CVMC or the 10 Individual Defendants were her employer for Title VII purposes, the court must dismiss all Title VII claims against them.

That said, the court will do so *without* prejudice, which means the court will give Jones another chance to plead her complaint. If Jones decides to file an amended Title VII complaint, she must either plead facts that would prove CVMC was her employer, or she needs to add her (former) employer as the proper defendant.

—

## * Note to Plaintiff About Filing an Amended Complaint *

If Jones decides to amend her complaint, the court recommends that she first read the court's "Guide for Proceeding without a Lawyer," which the court mailed to Jones in December 2023 and appears as Document 14 in the electronic record. Pages 5 and 6 of the Guide contain links to the rules Jones must follow when amending her complaint, including:

> **Rule 8(a) Claim for Relief.** A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . .
>
> **Rule 8(d)(1) Pleading to be Concise and Direct.** Each allegation must be simple, concise, and direct.
>
> **Rule 10(b) Paragraphs; Separate Statements.** A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .
>
> **Rule 11(b) Representations to Court.** By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase

> the cost of litigation; (2) the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

FED. R. CIV. P. 8, 10, 11. These are not all of the rules that Jones must follow. Rather, they are rules that Jones' first complaint did not comply with. Jones must follow all of the civil rules, paying particular attention to Rule 8, which requires her to give a short, plain statement of the facts that would entitle her to relief on each of her claims.

## CONCLUSION

For these reasons, the court **GRANTS** CVMC and the Individual Defendants' motions to dismiss *without* prejudice. (Doc. 15, 26). The court **DENIES as PREMATURE** CVMC's alternative motion for summary judgment. (Doc. 15). If Jones wishes to amend her complaint, she must do so on or before **August 9, 2024.** If Jones does not file an amended complaint by August 9, the court will dismiss the claims against CVMC and the Individual Defendants *with* prejudice and close the case.

The Clerk of Court is **DIRECTED** to mail a copy of this Opinion—and a copy of the docket sheet—to Jones' address of record listed as 3508 Willow Lane Drive, Montgomery, AL 36109.

**DONE** and **ORDERED** on July 10, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE