UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

**IDA JENNINGS-JONES,**
    Plaintiff,

v.

**Case No. 1:23-cv-1755-CLM**

**SYLACAUGA HEALTH CARE AUTHORITY,** *doing business as Coosa Valley Medical Center, et al.*,
    Defendants.

## MEMORANDUM OPINION

Ida Jennings-Jones sues BayMark Health Management Services (synonymous here with "SpecialCareHospital Management Corporation") and Sylacauga Health Care Authority (AKA Coosa Valley Medical Center ("CVMC")). (Doc. 37). CVMC and BayMark ask the court to dismiss Jennings-Jones's amended complaint. (Docs. 40, 46). For the reasons below, the court **GRANTS** both motions **WITHOUT PREJUDICE.**

## BACKGROUND

Because CVMC and BayMark file motions to dismiss under Rule 12(b)(6), the court takes the following facts from Jennings-Jones' Amended Complaint and accepts them as true:

**1. Facts**

Jennings-Jones "began her employment [] with" CVMC in 2016. (Doc. 37, p. 3). According to Jennings-Jones, two "Specia[l]Care Hospital Management/BayMark Health Services" employees put Jennings-Jones on Administrative Leave for no other reason than that the "CVMC staff no longer wanted [Jennings-Jones] there." (*Id.*). Jennings-Jones alleges

that "the defendants became fearful of the plaintiff, when she had the New Vision/CVMC Service Administrator Jennifer Gentry, inquire with the CVMC Financial Director [] regarding" an illegal double billing scheme perpetuated by a New Vision/CVMC physician, Dr. Aldaher. (*Id.*, p. 4). Jennings-Jones's administrative leave turned into a permanent dismissal.

Jennings-Jones now asserts a host of claims against BayMark and CVMC centering on alleged employment discrimination and retaliation.

## 2. Procedural History

Jennings-Jones's first complaint included 10 individuals and CMVC as defendants. (Doc. 1). The court dismissed the complaint citing Jennings-Jones' failure to plead who employed her as its sole ground for dismissal. (Doc. 35, p. 6). In accordance with the court's instruction, Jennings-Jones repleaded her complaint. CMVC once again asks the court to dismiss because it never employed Jennings-Jones. *See generally* (Doc. 40). BayMark asks the court to dismiss because Jennings-Jones failed to exhaust all administrative remedies. (Doc. 46, p. 4–9). And both Defendants advocate for dismissal based on Jennings-Jones' failure to state a plausible claim.

## STANDARD OF REVIEW

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). FED. R. CIV. P. 8 does not require "detailed factual allegations," but does demand more than "an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Id.*

## DISCUSSION

The court **GRANTS** CVMC and BayMark's motions because Jennings-Jones' complaint is a shotgun pleading that fails to state a claim

upon which the court can grant relief. Because the court limited its reasoning for granting CVMC's first motion to dismiss to the plausibility of its employer status, the court will give Jennings-Jones one more chance to replead.

### A.   Employment by CVMC

The court dismissed Jennings-Jones's first complaint for failing to allege employment with CVMC. (Doc. 35, p. 6). But Jennings-Jones fixed this issue in her amended complaint sufficient to survive Fed. R. Civ. Pro. 12(b)(6): "The plaintiff began her employment 04/14/2026 with the defendants also known as "Coosa Valley Medical Center" (CVMC)." (Doc 37, p. 3).

CVMC maintains it never employed Jennings-Jones. (Doc. 40, p. 1–2). But at the Rule 12 stage, the court must assume that Jennings-Jones's alleged facts are true and thus assumes without finding that CVMC employed Jennings-Jones. The court will not evaluate the employment issue under the summary judgment standard before the parties conduct discovery on the issue.

### B.   Administrative Exhaustion

BayMark asks the court to dismiss because it "did not receive any Charge of Discrimination filed by Plaintiff" with the EEOC. (Doc. 46, p. 8). But federal courts must "show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (italics omitted). A document filed *pro se* is "to be liberally construed," and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotations omitted).

Jennings-Jones may sue for race discrimination under Title VII or 42 U.S.C. § 1981. To the extent that Jennings-Jones pleads a Title VII claims, *see, e.g.*, (doc. 37, ¶ 1), the court agrees with BayMark and **dismisses** Jennings-Jones' claim **with prejudice** for failure to exhaust.

3

Unlike Title VII, § 1981 does not contain an administrative exhaustion requirement. To the extent that Jennings-Jones tries to raise a claim under § 1981, BayMark's exhaustion argument doesn't apply. That the court cannot tell what type of claim Jennings-Jones raises leads us to the last issue.

### C. Shotgun Pleading

The court grants CVMC and BayMark's motions because Jennings-Jones' complaint is a shotgun pleading. Shotgun pleadings fail to give a defendant "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Shotgun pleadings can look like "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" or a pleading that doesn't "separate[e] into a different count each cause of action or claim for relief." *Id.* at 1322-23.

Jennings-Jones commits both errors in her amended complaint, as shown by this snap shot of her "Statement of Claims":

**STATEMENT OF CLAIMS**

1. The plaintiff claim is against the defendants is viable Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*; The plaintiff was a 63-years-old, at the time of her employment termination on 2/20/23
2. The plaintiff is a Black Female.
3. The plaintiff has several documented medical disabilities including but, not limited to Diabetes, Hypertension and Depression.
4. Failure to promote.
5. Threat of Intimidation.
6. Retaliation.
7. Harassment.
8. Unequal terms and conditions of my employment.
9. Creating A Hostile Work Environment
10. Whistle Blowing.
11. Illegal Termination.
12. Negligence.

(Doc. 37, p. 2). While Jennings-Jones separates her claims into 12 separate counts, none of these claims connects her facts to the law, nor do they give Defendants any idea what to defend against.

The court finds that Jennings-Jones list of 12 unexplained "claims" "sound[s] more clearly in Rule 12(e)'s remedy of ordering repleading for a more definite statement of the claim, rather than in Rule 12(b)(6)'s remedy of dismissal for failure to state a claim." *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006). Because "the complaint [is] a shotgun pleading and [Jennings-Jones] failed to connect [her] causes of action to the facts alleged, the proper remedy [is] to order repleading *sua sponte*." (*Id.* at 1280).

—

The court has already given Jennings-Jones guidance on proper pleading. The court now restates the same guidance: If Jennings-Jones decides to amend her complaint, the court recommends that she first read the court's "Guide for Proceeding without a Lawyer," which the court mailed to Jennings-Jones in December 2023 and appears as Document 14 in the electronic record. Pages 5 and 6 of the Guide contain links to the rules Jennings-Jones must follow when amending her complaint, including:

> **Rule 8(a) Claim for Relief.** A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . .
>
> **Rule 8(d)(1) Pleading to be Concise and Direct.** Each allegation must be simple, concise, and direct.

5

> **Rule 10(b) Paragraphs; Separate Statements.** A party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . .
>
> **Rule 11(b) Representations to Court.** By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . .

FED. R. CIV. P. 8, 10, 11. These are not all the rules that Jennings-Jones must follow. Rather, they are rules that Jennings-Jones' first and second complaints did not comply with. Jennings-Jones must follow all of the civil rules, paying particular attention to Rule 8, which requires her to give a short, plain statement of the facts that would entitle her to relief on each of her claims.

    **NOTE: The failure to follow these rules again <u>will</u> result in the dismissal of Jennings-Jones' case.**

## CONCLUSION

The court finds that Jennings-Jones' amended complaint is a shotgun pleading that warrants dismissal. The court thus **GRANTS WITHOUT PREJUDICE** CVMC and Baymark's motions to dismiss. (Docs. 40, 46).

The court gives Jennings-Jones *one* final shot at pleading a complaint that complies with the rules. She must file her amended complaint by **May 23, 2025**. The failure to file an amended complaint by May 23, or the failure to comply with the rules, will result in the dismissal of this case.

The court **DIRECTS** the Clerk of Court to mail a copy of the opinion to Jennings-Jones at her address of record.

**DONE** and **ORDERED** on April 28, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE